**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CURTIS ANTHONY GATES and**
**SHARON GATES**                                                                 **PLAINTIFFS**

**v.**                                          **4:06CV01511-WRW**

**DAIMLERCHRYSLER MOTORS COMPANY,**
**L.L.C. d/b/a DAIMLERCHRYSLER MOTORS**
**COMPANY, L.L.C. of DELAWARE f/k/a**
**DAIMLERCHRYSLER MOTORS CORPORATION**                      **DEFENDANT**


**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 42). Plaintiffs have

responded (Doc. No. 51).

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[1]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
>
> need for a trial -- whether, in other words, there are any genuine factual issues that
>
> properly can be resolved only by a finder of fact because they may reasonably be
>
> resolved in favor of either party.[2]


The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

---

[1]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

extreme remedy that should only be granted when the movant has established a right to the

judgment beyond controversy.[3]  Nevertheless, summary judgment promotes judicial economy by

preventing trial when no genuine issue of fact remains.[4]  I must view the facts in the light most

favorable to the party opposing the motion.[5]  The Eighth Circuit has also set out the burden of

the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
>
> *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine
>
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
>
> record does not contain such an issue and to identify that part of the record which
>
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
>
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
>
> then the respondent's burden to set forth affirmative evidence, specific facts,
>
> showing that there is a genuine dispute on that issue.  If the respondent fails to carry
>
> that burden, summary judgment should be granted.[6]


Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[7]

---

[3]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

## II. BACKGROUND

Plaintiff Curtis Anthony Gates ("Plaintiff") was driving his 2001 Dodge Ram truck on November 16, 2001, on Highway 67 in Jackson County, Arkansas.[8] The truck was equipped with an "SRS/Airbag" system, and Plaintiff was wearing his seat-belt.[9] Plaintiff was traveling the speed limit, nearing an intersection at which he had the green light, when Defendant failed to yield and turned left into Plaintiff's path.[10] The vehicles collided.[11] The air-bag system in Plaintiff's truck did not deploy and Plaintiff was injured.[12] Plaintiff relies upon strict liability and negligence, and seeks punitive damages.[13]

## III. DISCUSSION

A. <u>Evidence of a Defect</u>

To succeed in a strict liability claim, a plaintiff must prove that a product was defective so as to render it unreasonably dangerous, and that the defect was the cause of the injury.[14] When there is no direct proof of a specific defect, a plaintiff may negate other possible causes of the product's failure, not attributable to the defendant, and in this way create the inference that the

---

[8]Doc. No. 2.

[9]*Id.*

[10]Doc. No. 42, Ex. A at page 55.

[11]Doc. No. 2.

[12]*Id.*

[13]*Id.*

[14]*See* Ark. Code Ann. § 4-86-102.

defect is the defendant's responsibility.[15] A plaintiff is not required to prove a specific defect if common experience tells us that, absent a defect, the accident would not have occurred.[16] However, the "mere fact of an accident, standing alone" does not prove a plaintiff's case that a product was defective.[17]

Plaintiff alleges that his Dodge Ram was defective because the air bag did not deploy upon impact during an accident.  The 2001 Dodge Ram Truck Owner's Manual explains that a frontal collision that is not severe enough to need air-bag protection will not activate the system;[18] the fact that Plaintiff's air-bag did not open does not, in itself, prove that Plaintiff's truck was defective or unreasonably dangerous. Plaintiff's allegation is not supported by any helpful information -- he relies upon the allegations only; the evidence submitted by Plaintiff does not go to the point.[19] Further, Plaintiff, in his attempt to show a defective product or

---

[15]See *Southern Co. V. Graham Drive-In*, 271 Ark. 223 (1980).

[16]*Id.*

[17]*Williams v. Smart Chevrolet Co*., 292 Ark. 376, 382 (1987). The Arkansas Supreme Court in *Williams* could not say that common experience dictated that the accident, a car door coming open while the car was driving down a gravel road at 10 miles per hour, happened absent a defect. The Court then turned to the evidence to examine to what extent the plaintiff negated other possible causes of the accident. The Court found that neither plaintiff's testimony nor plaintiff's expert's testimony negated other possible causes for the door coming open. Because plaintiff's proof did not go beyond suspicion or conjecture, and did not raise a reasonable inference that a defect was the cause of the accident, the Court upheld the trial court's granting of the defendants' motion for directed verdict.

[18]Doc. No. 51.

[19]Plaintiff included in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment: inconclusive testimony from the deposition of Tara Layton, the driver of the other car involved in the accident, who admits she is not sure how fast she was going; photographs of the accident; excerpts from his 2001 Dodge Ram Truck Owner's Manual; a Safety Recall from Daimler Chrysler; and Arkansas Model Jury Instruction 1008.

negligence, misstates findings of Defendant's expert.[20] Expert testimony is not a requirement, but this does not mean that Plaintiff's allegations alone are enough to create a genuine issue of material fact.

B. Causation

In *Short v. Little Rock Dodge, Inc.*,[21] decedent's car had a history of stalling. A witness testified that Chrysler Corporation had recalled cars of the same model and year as decedent's to remedy the stalling problem.[22] Decedent's car crashed, killing her.[23] Plaintiff did not present any "affidavit or other statement by any expert or other person" that the car's stalling caused the accident.[24] Plaintiff also failed to present any proof that negated other possible causes of the accident.[25] "If there is proof of a defect, . . . the case might be allowed to go to a jury despite a failure to show by direct evidence that the injury was proximately caused by the defect. That would be so if there were evidence that other possible causes could not have been the cause of the injury."[26]

––––––––––––––––––––

[20]Doc. No. 51, page 1. Plaintiff states that the air-bag "may" deploy in the range of 8 mph to 15 mph. Defendant's expert, however, states that the air-bag may deploy in the range of 8 and 15 mph Barrier Equipment Velocity. *See* Doc. No. 42, Ex. B, page 2. Defendant's experts' findings support a conclusion that the air-bag system was functioning properly. *See* Doc. No. 42, Ex's B, C.

[21]297 Ark. 104 (1988).

[22]*Id.* at 105-06.

[23]*Id.* at 106.

[24]*Id.*

[25]*Id.*

[26]*Id.*

The record, when viewed in the light most favorable to Plaintiff, does not create a genuine issue of material fact that the non-deployment of the air-bag caused Plaintiff's injury.

**IV. CONCLUSION**

Because the record does not illustrate a genuine issue of material fact regarding the allegedly defective or unreasonably dangerous condition of Plaintiff's truck, or about Defendant's alleged negligence, Defendant's Motion for Summary Judgment is GRANTED and the case is DISMISSED.

IT IS SO ORDERED this 7th day of November, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE